UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **RICHARD W. PORTER, JR.,** | ) | |
| Plaintiff, | ) ) ) | **CIVIL ACTION NO. 23-40146-DHH** |
| v. | ) ) | |
| **CPCS, et al.,** | ) ) | |
| Defendants. | ) ) ) | |

## REPORT AND RECOMMENDATION

**February 13, 2024**

**Hennessy, M.J.**

*Pro se* plaintiff Richard W. Porter, Jr., brought suit against defendants Committee for Public Counsel Services ("CPCS"), Shain Neumeier, Astrid aFKlintberg, and the Worcester Recovery Center and Hospital ("WRCH") on October 23, 2023.[1] I RECOMMEND that the Complaint as to Defendant WRCH be DISMISSED for failure to state a claim on which relief can be granted, or in the alternative, because Plaintiff seeks monetary relief from a defendant who is immune from such relief, and the Complaint as to Defendants CPCS, Shane Neumeier, and Astrid aFKlintberg be DISMISSED for failure to state a claim upon which relief can be granted and/or lack of subject matter jurisdiction.

I.   **Factual Background**

Plaintiff alleges that, on November 12, 2020, the Malden District Court ordered Plaintiff to undergo a twenty-day mental health evaluation at WRCH. Dkt. No. 1. Plaintiff alleges that

---

[1] Plaintiff's handwritten Complaint is partially illegible. The names of Defendants Neumeier and aFKlintberg have been reproduced as best determined based on Plaintiff's submission.

his confinement at WRCH continued for nine months without a court order. *Id.* Plaintiff claims that he appeared before a court on July 30, 2021, August 30, 2022, and October 18, 2023, with Defendant Neumeier as his lawyer, and that these proceedings resulted in year-long confinement orders. *Id.* Plaintiff claims that at the time he brought suit he had been confined at WRCH for three and a half years, during which time he has lost $600,000 in wages and $30,000 in social security income. *Id.*

Between October 19, 2023, and January 29, 2024, Plaintiff commenced over six actions in this Court in which he alleges that, pursuant to a series of commitment orders, he has been wrongfully confined at WRCH. His filings uniformly indicate that the most recent commitment order was likely issued by the Worcester District Court on October 18, 2023. *See, e.g.*, C.A. No. 23-40130-MRG (Dkt. Nos. 5, 6, 10-12).[2] This Court has recommended that past challenges to Plaintiff's confinement be dismissed for failure to follow the proper procedure for a petition for a writ of habeas corpus. *See, e.g.*, *Porter v. Dep't of Mental Health et al.*, C.A. No. 23-40163-MRG; *Porter v. Town of Wakefield et al.*, C.A. No. 23-40181-MRG.

**II.   Discussion**

*Pro se* pleadings are construed liberally during preliminary screening under 28 U.S.C. §§ 1915-1915A. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Rodi v. New Eng. Sch. Law*, 389 F.3d 5, 13 (1st Cir. 2004). Even allowing a liberal construction of Plaintiff's Complaint, I recommend that the Complaint as to Defendant WRCH be dismissed for failure to state a claim upon which relief can be granted, or in the alternative, because Plaintiff seeks monetary relief from a defendant who is immune from such relief, and the Complaint as to Defendants CPCS,

---

[2] The Court takes judicial notice of documents Porter has filed in other proceedings. *See Law Offices of David Efron v. Matthews & Fullmer Law Firm*, 782 F.3d 46, 56 n.7 (1st Cir. 2015).

Neumeier, and aFKlintberg be dismissed for failure to state a claim upon which relief can be granted and/or for lack of subject matter jurisdiction.

### A. Defendant WRCH

There are two fundamental defects with Plaintiff's suit against Defendant WRCH. Firstly, to the extent that Plaintiff is challenging the fact or duration of his confinement pursuant to a court order, he fails to follow the proper procedure for a writ of habeas corpus. In a federal court, challenges to the fact or duration of one's confinement by the government must be asserted in a petition for a writ of habeas corpus. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). The Commonwealth of Massachusetts operates WRCH. *See* Mass. Dep't of Mental Health, *Worcester Recovery Center and Hospital (WRCH)*, https://www.mass.gov/locations/worcester-recovery-center-and-hospital-wrch. Plaintiff alleges that his confinement at WRCH is pursuant to order of a Massachusetts court. A party seeking relief through a habeas petition must exhaust available state remedies—including state appellate remedies—prior to seeking habeas relief in a federal court.[3] *See* 28 U.S.C. § 2254(b)(1)(A). Plaintiff does not allege that he has exhausted his state court remedies. Furthermore, there is also no basis for the Court to believe that Plaintiff is without any other remedy to challenge the validity of his confinement or to seek release other than by filing a habeas petition in a federal district court.

Secondly, to the extent that Plaintiff is bringing a suit for monetary damages against Defendant WRCH for violating Plaintiff's rights, Defendant WRCH is immune from such a suit.

---

[3] In the absence of specific information concerning the underlying commitment and/or criminal proceedings, the Court cannot determine whether the proper vehicle for a person in Porter's situation to seek habeas relief in a federal district court would be a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (allowing a person "in custody pursuant to the judgment of a State" to seek habeas relief), or under 28 U.S.C. § 2241 (general habeas statute). For purposes of this order, the distinction is irrelevant. Section 2254 explicitly requires a petitioner to exhaust available state remedies. *See* 28 U.S.C. § 2254(b)-(c). Although § 2241 does not contain an explicit provision concerning the exhaustion of other remedies, the Court may deny a § 2241 habeas petition if the petitioner has not exhausted his state remedies. *See, e.g.*, *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005) ("A habeas petitioner seeking relief under 28 U.S.C. § 2241 is generally required to exhaust state remedies.").

Suits against states, state agencies, or state officials in their official capacity are barred by the Eleventh Amendment unless the state has waived its immunity or Congress has abrogated the state's immunity. *See Davidson v. Howe*, 749 F.3d 21, 27-28 (1st Cir. 2014). 28 U.S.C. § 1915(e)(2)(B)(iii) requires the Court to dismiss a case if it is determined that the action seeks monetary relief against a defendant who is immune from such relief. Defendant WRCH, a state hospital, has not waived its immunity, nor has its immunity been abrogated by Congress. As such, Plaintiff's claims against Defendant WRCH should be dismissed pursuant to 28 U.S.C. § 1915.

The Complaint as to Defendant WRCH should therefore be dismissed for failure to state a claim upon which relief can be granted, or insofar as Plaintiff seeks monetary relief from WRCH, because it is against a defendant who is immune from such relief.

### B. Defendants CPCS, Neumeier, and aFKlintberg

There are also two fundamental defects with Plaintiff's suit against Defendants CPCS, Neumeier, and aFKlintberg. Firstly, to the extent that Plaintiff is bringing an ineffective assistance of counsel claim as a challenge to his confinement order, relief under such a claim is limited to representation in criminal proceedings. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984) (finding that defendants have the right to effective assistance of counsel in all criminal proceedings under the Sixth Amendment of the U.S. Constitution). However, if Plaintiff would like to challenge the effectiveness of his counsel, he must seek such relief from the state court or through a petition for a writ of habeas corpus after exhausting his state remedies. To the Court's knowledge, Plaintiff has done neither.

Secondly, to the extent that Plaintiff is bringing a tort action for legal malpractice based on CPCS's lawyers' performance in his criminal proceedings, the Court cannot exercise subject

matter jurisdiction over this claim.  Massachusetts permits civil suits for legal malpractice based on a lawyer's conduct when representing a criminal defendant.  *See, e.g.*, *Glenn v. Aiken*, 569 N.E.2d 783 (Mass. 1991).  However, Rule 8(a)(1) of the Federal Rules of Civil Procedure mandates that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction."  A Court may sustain jurisdiction absent this fundamental pleading requirement when the Complaint provides a proper basis for jurisdiction.  *See Boyle v. Boyle*, No. 22-cv-41051-ADB, 2023 WL 2868672, at *1 (D. Mass. Apr. 10, 2023).  Plaintiff fails to meet Rule 8's jurisdictional statement requirement.

      Moreover, an examination of the Complaint does not reveal a basis for jurisdiction such that the Court could sustain the action.  Plaintiff's claims that may be based in federal law fail, *see supra*, therefore the Court could not exercise federal question jurisdiction.  Nor does Plaintiff allege where he is domiciled or if Defendants CPCS, Neumeier, and aFKlintberg are domiciled in a different state than Plaintiff such that diversity jurisdiction could be exercised.  To the contrary, on the civil cover sheet, Plaintiff marked that he and Defendants are citizens of Massachusetts.  Dkt. No. 5.  Finally, to the extent that Plaintiff is bringing a tort claim for legal malpractice, in the absence of a viable federal law claim, the Court could not exercise supplemental jurisdiction over a state law claim.  Therefore, the Complaint as to Defendants CPCS, Neumeier, and aFKlintberg should be dismissed for failure to state a claim upon which relief can be granted and/or for lack of subject matter jurisdiction.

### III.     Conclusion

Accordingly, I RECOMMEND that this action be DISMISSED as to Defendant WRCH for failure to state a claim upon which relief can be granted, or in the alternative, because Plaintiff seeks monetary relief from a defendant who is immune from such relief, and as to Defendants CPCS, Neumeier, and aFKlintberg for failure to state a claim upon which relief can be granted and/or for lack of subject matter jurisdiction.[4]

/s/ David H. Hennessy<br>
David H. Hennessy<br>
United States Magistrate Judge

---

[4] The Parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), they are entitled to object to the Court's Report and Recommendation by filing a specific written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation.  Such written objections must specifically identify the portion of the Report and Recommendation to which objection is made and the basis for those objections.  The Parties are further advised that the First Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review.  *See, e.g., M. v. Falmouth Sch. Dep't*, 847 F.3d 19, 26 (1st Cir. 2017); *Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988).